UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADDO WILLIAMS,

        Petitioner,

v.                              CASE NO. 09-12173
                               HONORABLE LAWRENCE P. ZATKOFF
C. ZYCH,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

### I. Introduction

Petitioner Addo Williams has filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). In 2003, Petitioner pleaded guilty to two counts of distributing cocaine within 1,000 feet of a school. *See* 21 U.S.C. §§ 841(a)(1) and 860. On November 4, 2003, United States District Judge Charles N. Clevert, Jr., of the Eastern District of Wisconsin sentenced Petitioner to imprisonment for two concurrent terms of ninety-six months to be followed by six years of supervised release.

Petitioner began serving his sentence at FCI-Milan. He was transferred to a federal facility in Southern Illinois, where a prison official informed him that he qualified for participation in the Residential Drug Abuse Program (RDAP) offered by the Federal Bureau of Prisons. One of the benefits of successfully completing the program is the possibility of a reduction in the inmate's sentence. Petitioner alleges that he was transferred two more times before he actually began to participate in the RDAP. On July 29, 2008, he started the program, and on September 9, 2008, he

was notified that he would not be eligible for early release, despite his participation in the RDAP, due to a prior robbery conviction. He was transferred back to FCI-Milan and completed the RDAP there on June 1, 2009.

Petitioner filed his habeas corpus petition on June 4, 2009. He alleges that the Federal Bureau of Prisons improperly denied him a reduction in his sentence after he successfully completed the RDAP. Petitioner contends that he had settled expectations of receiving a one-year reduction in his sentence after completing the RDAP, because the Bureau informed him that he was eligible for benefits under the program. He seeks an order granting him early release from custody.

Respondent C. Zych urges the Court to dismiss the habeas petition on grounds that Petitioner did not pursue any administrative remedies for his claims and is not entitled to early release. Petitioner replies that it would be futile to exhaust administrative remedies, that he has a due process right to early release, and that he had settled expectations in early release.

Federal prisoners ordinarily must exhaust an agency's administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *Fazzini v. Northeast Ohio Corr. Ctr.,* 473 F.3d 229, 231 (6th Cir. 2006). However, "the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional," *Arango Marquez v. I.N.S.,* 346 F.3d 892, 897 (9th Cir. 2003), and Petitioner's claim lacks merit. The Court therefore will excuse the exhaustion requirement in this case and proceed to address Petitioner's claims.

## II. Discussion

### A. Due Process

Petitioner claims that the Bureau of Prisons violated his constitutional right to due process of law when the Bureau reversed its initial decision and declared him ineligible for benefits under

18 U.S.C. § 3621(e). Pursuant to 18 U.S.C. § 3621(b)(5), the Bureau of Prisons must "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." As an incentive for successful participation in an approved substance abuse program, the statute provides that –

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Section 3621 does not define "nonviolent offense." However, the Bureau of Prisons has determined that inmates with a prior conviction for robbery are ineligible for sentence reduction under § 3621(e)(2)(B). *See* 28 C.F.R. § 550.55(b)(4)(iii) (2009). Use of the word "may" in § 3621(e) grants the Bureau of Prisons discretion to exclude categories of inmates from early release. *See Lopez v. Davis*, 531 U.S. 230, 240-44, 244 n.7 (2001).

Neither § 3621(e)(2)(B), nor the Constitution, creates a liberty interest in early release. *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998). In fact, the Bureau has "substantial discretion" in its decisionmaking, *id.* at 653, and "broad discretion to grant or deny the one-year reduction" in sentence under § 3621, *Jacks v. Crabtree*, 114 F.3d 983, 984 (9th Cir. 1997). The Bureau has the authority, but not the duty, to reduce a prisoner's term of imprisonment for successful completion of a drug treatment program. *Lopez*, 531 U.S. at 241.

In light of the substantial discretion accorded the Bureau of Prisons and the fact that Petitioner has a prior conviction for an offense deemed violent, the Court concludes that Petitioner lacks a protected interest in early release under the RDAP. His right to due process was not violated because, "[w]here an interest is not a protected one, there is no cognizable harm to the individual

when deprived of that interest." *Orr*, 156 F.3d at 654 (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

## B. Settled Expectations

Petitioner nevertheless contends that he had a settled expectation in early release because the Bureau of Prisons initially informed him that he was eligible for participation in the RDAP. He claims that he would have remained in Southern Illinois near his family and would not have participated in the RDAP had he known that he would not be entitled to early release upon completion of the program.

The Ninth Circuit Court of Appeals considered a similar claim in *Cort v. Crabtree,* 113 F.3d 1081 (9th Cir. 1997), a case in which three inmates were told that they were eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Before the inmates completed the RDAP, the Bureau of Prisons altered its interpretation of "nonviolent offenses" and then informed the inmates that they were no longer eligible for a sentence reduction because they had been convicted of a crime of violence (unarmed bank robbery). The Ninth Circuit held that the Bureau of Prisons erred when it retroactively applied its new interpretation of § 3621(e)(2)(b) to the three inmates, because the inmates had "settled expectations" in early release from custody.

The Ninth Circuit reached a similar conclusion in *Bowen v. Hood*, 202 F.3d 1211, 1222 (9th Cir. 2002), stating that "[a]n agency cannot provide participants with a determination of eligibility based on the purported examination of objective criteria, then subsequently deny them eligibility by exercise of whim." And the District of Oregon has held that the Bureau of Prisons may not revoke a prisoner's eligibility under the RDAP simply because an administrator failed to note a disqualifying robbery conviction in the prisoner's pre-sentence report and made an erroneous

provisional determination of eligibility for early release. *See Harris v. Daniels*, 466 F. Supp.2d 1239 (D. Or. 2006). The District of Oregon stated in *Harris* that the prisoner's expectation of eligibility for early release in such circumstances is just as legitimate as the expectations held by the prisoners in *Cort* and *Bowen*. *See id*. at 1242.

The Fifth Circuit Court of Appeals, however, has declined to adopt the view taken by the Ninth Circuit. *See Royal v. Tombone*, 141 F.3d 596, 601-03 (5th Cir. 1998). The Fifth Circuit determined in *Royal* that the petitioner was never legitimately eligible for sentence reduction under § 3621(e)(2)(B), because he was convicted of bank robbery, which involves the use of force and violence and therefore is always a crime of violence. The Seventh Circuit also has rejected the position taken by the Ninth Circuit. *See Minnema v. Pitzer*, 151 F.3d 1033, No. 97-3659, 1998 WL 255101 (7th Cir. May 15, 1998) (unpublished decision affirming the district court's holding that Minnema, who was convicted of bank robbery and sentenced to seventy-three months in prison, had no right or settled expectation to a sentence reduction under § 3621(e)(2)(B)).

Petitioner likewise had no right or settled expectation in a sentence reduction under § 3621(e)(2)(B). The regulation in effect when Petitioner began participating in the RDAP precluded early release under § 3621(e)(2)(B) for inmates who had a prior conviction for robbery. *See* 28 C.F.R. 550.58(a)(1)(vi)(2000). The form used to notify Petitioner of his eligibility for participation in the RDAP also indicated that inmates with a prior conviction for robbery were not eligible to participate in the RDAP. *See* Habeas Pet., Ex. A, § 2. Petitioner signed the form, acknowledging that he was provisionally eligible for early release and that a determination of early release could change. *See id.*, page 2. Thus, Petitioner was put on notice *before* he commenced the RDAP that a prior conviction for robbery was a basis for ineligibility under § 3621(e)(2)(B).

The Ninth Circuit and the District of Oregon have stated that the term "provisional" refers only to the fact that early release eligibility is conditioned on successful completion of the RDAP. *See Bowen,* 202 F.3d at 1221-22; *Cort*, 113 F.3d at 1085; *Harris*, 466 F. Supp.2d at 1241. This Court believes the better view is that "[e]ligibility is not entitlement." *Minnema,* 1998 WL 255101, at *2 (quoting *Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir. 1997)). "Mere eligibility to be considered for a sentence reduction under § 3621 'does not require the Bureau to grant the boon [the prisoner] seeks.'" *Id*. (quoting *Bush*, 133 F.3d at 457). Petitioner may have hoped for early release, but he was never legitimately eligible for a sentence reduction and, therefore, he could not have had a settled expectation in a reduced sentence. *Cf. Royal*, 141 F.3d at 601-03.

### III.  Conclusion

Petitioner has not demonstrated that he is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), or that the Bureau of Prisons exceeded its authority in construing § 3621(d)(2)(B). Therefore, the petition for a writ of habeas corpus [Doc. #1, June 4, 2009] is DENIED.

                                                s/Lawrence P. Zatkoff  
                                                LAWRENCE P. ZATKOFF  
                                                UNITED STATES DISTRICT JUDGE

Dated:  January 15, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 15, 2010.

s/Marie E. Verlinde
Case Manager
(810) 984-3290